■ In the Matter of JOHN C. THEILE, Respondent, v. PRISCILLA THEILE, Appellant.— In a proceeding pursuant to article 4 of the Family Court Act to vacate or reduce an alimony award to appellant of $60 per week purportedly contained in a 1957 unilateral Arkansas decree of divorce obtained by petitioner, appellant (who had obtained a 1955 New York judgment of separation from petitioner, awarding her $60 per week alimony) appeals (by permission of this court) from an order of the Family Court, Westchester County, dated February 10, 1972 and made after a hearing, which (1) "denied" the two affirmative defenses set forth in her answer (alleging lack of jurisdiction in the Arkansas court) and (2) granted the petition to the extent of directing a hearing with respect to the financial status of the parties. Order reversed, on the law, with $20 costs and disbursements, and petition dismissed on the ground that the Arkansas decree, even if valid, expressly states that "this [Arkansas] court makes no order relieving defendant of the obligation to continue making the payments required to be made by and under" the 1955 New York judgment of separation. In 1955 appellant obtained a judgment of separation against respondent from the New York State Supreme Court. In the judgment she was awarded alimony of $60 per week. In 1957, respondent went to Arkansas and obtained a decree of divorce. Appellant did not appear in the Arkansas action. The Arkansas court stated in its decree that it was making no order relieving respondent of his obligation to make support payments under the New York separation judgment. In view of such language it cannot

be said that the Arkansas court purported to exercise in personam jurisdiction over appellant. The New York separation judgment, at least with respect to the alimony allowance contained therein, survived the Arkansas decree (*Estin* v. *Estin*, 334 U. S. 541; *Vanderbilt* v. *Vanderbilt*, 1 N Y 2d 342, affd. 354 U. S. 416). Accordingly, respondent erred in seeking to vacate or reduce his support obligation by attempting to modify, in the Family Court, the Arkansas decree. It is the New York separation judgment and not the Arkansas divorce decree that must be the subject of his efforts to modify the alimony award. Consequently, the petition must be dismissed and, since the New York judgment was obtained prior to the time that the Family Court had jurisdiction to modify a matrimonial judgment of the Supreme Court (cf. *Matter of Infanto* v. *Infanto*, 66 Misc 2d 699), that attack can only be made in the latter court. Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.